WILLIAM THRELKELD v. JAMES H. JONES.

Decretal Sale of Land — Necessary Parties.

> A decretal sale of land will not be set aside, where the party complaining has failed to bring in a party when it was his duty to do so.

APPEAL FROM MERCER CIRCUIT COURT.

October 8, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

We presume, that under the decretal sale, the land was bought for the vendor, W. Threlkeld, and, therefore, as no lien which Samuel M. Jones may have had would be affected by the sale he does not appear to have been prejudiced by the decree. Moreover, he did not offer to intervene, nor did Threlkeld in his cross-petition or otherwise require him to be made a party. And, therefore, and especially as the appellant, J. H. Jones, cannot be presumed to have had notice of S. M. Jones' subsequent lien, except from the suggestion to that effect in Threlkeld's answer, we cannot reverse the decree of sale and set aside the sale merely because the appellee S. M. Jones did not make S. M. Jones a defendant, which it seems to us it was not his duty to do. Nor, as Threlkeld did not make S. M. Jones a party, can he complain.

Nor do we see any other error in the decree.

The lien enforced by the decree was expressly and properly reserved in Solomon Jones' deed to Coleman, who conveyed after its registration to Threlkeld, and the amount and manner of the decree seem to be right, and the sale regular.

Wherefore, the judgment is affirmed.